```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/21/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

K2M DESIGN, INC. c/o Scott Maloney, CEO,

              Plaintiff,

-against-

PETER K. SCHMIDT, GENE LIM, and FILMWEST GLOBAL PARTNERSHIP, LLC,

              Defendants.

1:22-cv-03069 (MKV)

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFAULT JUDGMENT**

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff K2M Design, Inc. ("K2M") commenced this action asserting claims for breach of contract and unjust enrichment against Defendants Schmidt Consulting Group, Inc.[1], Peter K. Schmidt ("Schmidt"), Gene Lim ("Lim"), and Filmwest Global Partnership, LLC, and a fraud claim against Lim only, arising out of an unpaid promissory note (the "Note"). [*See* ECF No. 16]. Schmidt was properly served but failed to appear in this action, and a certificate of default was entered against him. [ECF Nos. 44–45]. K2M now moves for default judgment against Schmidt. [ECF No. 56]. The Court referred the motion to the designated magistrate judge for a report and recommendation. [ECF No. 93].

      On November 30, 2023, Magistrate Judge Gary Stein issued a Report and Recommendation, recommending that the Court enter a judgment of default against Schmidt on K2M's contract claim, but not its unjust enrichment claim, award K2M $1,260,000.00 in damages plus pre- and post-judgment interest, and award K2M $192,522.44 in attorneys' fees and $3,593.28 in costs. [ECF No. 103 ("R&R") at 1–2]. No party filed objections to the Report and Recommendation.

---

[1] K2M voluntarily dismissed Schmidt Consulting Group, Inc. from this action. [ECF Nos. 39, 41].

For a detailed recitation of the factual background and procedural history of the case, the Court refers to Magistrate Judge Stein's Report and Recommendation. *See* R&R 2–7. For the reasons set forth below, the Court adopts Magistrate Judge Stein's thorough and well-reasoned Report and Recommendation in its entirety and enters default judgment in favor of K2M against Schmidt for breach of contract.  The Court further awards K2M $1,260,000.00 in damages plus pre- and post-judgment interest, $192,522.44 in attorneys' fees, and $3,593.28 in costs.  The Court dismisses K2M's unjust enrichment claim against Schmidt.

## LEGAL STANDARD

When reviewing a report and recommendation, a district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The Court reviews a report and recommendation to which no objections have been filed for clear error.  *See* Fed. R. Civ. P. 72; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006).  Because no party filed objections to the Report and Recommendation in this case, the Court reviews the Report and Recommendation for clear error.  *See Mannix v. Phillips*, 619 F.3d 187, 192 (2d Cir. 2010); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).  To do otherwise "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, 97-cv-3775-LTS-JCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (internal quotation marks omitted).

## DISCUSSION

### I. Magistrate Judge Stein Applied the Correct Legal Standard

Federal Rule of Civil Procedure 55 articulates a two-step process for the entry of judgment against a party who fails to defend: "first, the entry of a default, and second, the entry of a default

2

judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a)–(b).  The first step formalizes the Court's recognition that a defendant who fails to defend admits liability to the plaintiff.  *Mickalis Pawn Shop*, 645 F.3d at 128.  The second step converts the defendant's concession of liability into a final judgment, terminating the litigation and awarding the plaintiff the relief to which the Court determines it is entitled.  *Id.* at 128–29; *see* R&R 7–8.

As Magistrate Judge Stein correctly noted, "[o]n a motion for default judgment after default has entered," as here, "a court is required to accept all of the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but it is also required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Mirlis v. Greer*, 80 F.4th 377, 383 (2d Cir. 2023) (cleaned up) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)); *see* R&R 8.  Magistrate Judge Stein also properly recognized the factors that courts consider in determining whether to grant a motion for default judgment: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Santana v. Latino Express Restaurants, Inc.*, 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016) (internal quotation marks omitted); *see* R&R 8.

Accordingly, the Court finds that Magistrate Judge Stein articulated the correct legal standard and applied that standard to K2M's motion for default judgment.  *See* R&R 7–8, 12–16.

## II. Magistrate Judge Stein Properly Found Personal Jurisdiction

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010).  In the Report and Recommendation, Magistrate Judge Stein

properly found that personal jurisdiction over Schmidt, a German citizen residing in Germany, existed by way of the Note's forum-selection clause, which provides for jurisdiction in the state and federal courts in New York. *See* R&R 9–10. "Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006). Magistrate Judge Stein found that there are no obstacles to the validity and enforceability of the New York forum-selection clause in the Note, nor did Schmidt raise any objection due to his default. *See* R&R 11. The Court agrees with Magistrate Judge Stein's personal jurisdiction analysis and finds that the Court has personal jurisdiction over Schmidt.

### III. Magistrate Judge Stein Properly Found Liability

Magistrate Judge Stein correctly noted that, by virtue of Schmidt's failure to appear, failure to answer, and ultimate default, Schmidt's default was willful, Schmidt has not presented any meritorious defense to K2M's claims, and K2M would be prejudiced if denied a default judgment. *See* R&R 12; *Santana*, 198 F. Supp. 3d at 291 & n.2. He then proceeded to analyze liability with respect to each of K2M's claims against Schmidt. *See* R&R 12–16.

#### A. Breach of Contract

In the Report and Recommendation, Magistrate Judge Stein correctly found Schmidt liable for breach of contract. To establish a claim for breach of contract under New York law, as the choice-of-law clause in the Note calls for, "a plaintiff must prove (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *Terwilliger v. Terwilliger*, 206 F.3d 240, 246 (2d Cir. 2000) (internal quotation marks omitted); *see* R&R 13.

The Report and Recommendation carefully considered whether K2M's factual allegations establish each element of breach of contract under New York law. First, Magistrate Judge Stein found that the Note is a valid contract, duly executed and containing clear and definite promises.

4

*See* R&R 13. Second, he found that K2M performed the contract by timely wiring Schmidt $1 million per the Note's terms. *See* R&R 13. Third, Magistrate Judge Stein found that the contract was breached because the Note was not paid in accordance with its terms (and, indeed, has not been paid to date). *See* R&R 14. He also noted that, under New York law, Schmidt may be held liable for breach of contract both as obligor and guarantor of the Note. *See* R&R 14–15. Finally, Magistrate Judge Stein found that K2M has established damages, because it has not been paid any amounts due under the Note. *See* R&R 15.

Accordingly, K2M has made out a *prima facie* case of Schmidt's breach of contract, and the Court finds no error in Magistrate Judge Stein's finding that Schmidt is liable for this claim upon default.

    B. <u>Unjust Enrichment</u>

Magistrate Judge Stein found that K2M's unjust enrichment claim should be dismissed because it is duplicative of K2M's breach of contract claim. *See* R&R 15–16. "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790, 967 N.E.2d 1177, 1185 (2012). Here, Magistrate Judge Stein correctly found that K2M's "unjust enrichment claim against Schmidt . . . rel[ies] on precisely the same set of facts as [its] breach of contract claim." R&R 16. Accordingly, the Court agrees with the Report and Recommendation's conclusion that default judgment on K2M's unjust enrichment claim should be denied and that that claim should be dismissed. *See* R&R 16.

  **IV.** **Magistrate Judge Stein Properly Assessed Damages**

Having found that K2M is entitled to default judgment on its breach of contract claim, Magistrate Judge Stein proceeded to consider the question of damages. Upon a finding of liability

for default, a court must find "an evidentiary basis for the damages sought by plaintiff, and . . . may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). A hearing on damages is not necessary when the Court has "ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks omitted). Magistrate Judge Stein correctly articulated and applied these standards in considering each element of K2M's requested damages. *See* R&R 17–32.

### A. Damages for Breach of Contract

"[D]amages for breach of contract should put the plaintiff in the same economic position he would have been in had the defendant fulfilled the contract," and are "measured from the date of the breach." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 262 (2d Cir. 2002); *see Simon v. Electrospace Corp.*, 28 N.Y.2d 136, 145, 269 N.E.2d 21, 26 (1971). Here, Magistrate Judge Stein properly found that K2M's damages for breach of contract are plainly established by the terms of the Note: (1) principal of $1,000,000.00; (2) accrued interest of $200,000.00; and (3) a late charge of $60,000.00. *See* R&R 19. None of these amounts have been paid. Accordingly, the Court finds no error in Magistrate Judge Stein's conclusion that K2M is entitled to $1,260,000.00 in contract damages, the amount it would have received had Schmidt fulfilled the Note. *See* R&R 20.

B.  <u>Pre- and Post-judgment Interest</u>

Magistrate Judge Stein also properly concluded that K2M is entitled to pre- and post-judgment interest on its breach of contract claim. *See* R&R 20–22.  Under New York law, pre-judgment interest is mandatory for a successful breach of contract claim. *See Indu Craft, Inc. v. Bank of Baroda*, 87 F.3d 614, 617 (2d Cir. 1996); N.Y. C.P.L.R. § 5001(a); R&R 20–21.  Magistrate Judge Stein thus correctly recommended awarding pre-judgment interest at New York's statutory rate of nine percent per annum, *see* N.Y. C.P.L.R. § 5004, and he appropriately calculated the time period for pre-judgment interest to account for the late fee that K2M was due to receive under the Note and is awarded upon default. *See* R&R 21.  In addition, post-judgment interest is mandatory pursuant to 28 U.S.C. § 1961, running from the date of entry of judgment until payment. *See Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008); R&R 22.  Accordingly, the Court agrees with Magistrate Judge Stein's assessment of pre- and post-judgment interest.

C.  <u>Attorneys' Fees and Costs</u>

A contractual provision is a proper basis for the recovery of attorneys' fees and costs upon default, "provided such fees and costs are found by the Court to be reasonable." *HTV Indus., Inc. v. Agarwal*, 317 F. Supp. 3d 707, 719 (S.D.N.Y. 2018), *as amended* (June 18, 2018).  Thus, although the Note provides that "[a]ll attorney fees and expenses associated with the collection of amounts due" K2M under the Note are recoverable, Magistrate Judge Stein properly scrutinized K2M's requested attorneys' fees and costs for reasonableness. *See* R&R 23–32.

As to attorneys' fees, K2M requests $230,580.50, representing all fees incurred in this matter by both its American and German counsel. *See* R&R 23.  Magistrate Judge Stein correctly found the billing rate for partners ($350 to $450 per hour), non-partner and associate attorneys ($275 to $400 per hour), and paraprofessionals ($150 to $200 per hour) to be reasonable under the

7

case law in this District.  *See* R&R 25–27.  Magistrate Judge Stein then considered the amount of time spent on the case.  He applied a five percent reduction in fees to account for frequent block billing, a further five percent reduction for work expended on K2M's fraud claim brought solely against Lim, who has not defaulted, and a final $15,000.00 reduction to account for the preparation of the fee application itself.  *See* R&R 28–31.  The Court finds no error in these reasonable reductions in K2M's requested attorneys' fees.  *See McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." (internal quotation marks omitted)); *Koster v. Perales*, 903 F.2d 131, 139 (2d Cir. 1990) ("[T]he district court may allocate the fee award between the responsible parties, setting the percentage for which each is liable where the claims against the defendants are separate and distinct or where culpability is significantly unequal."), *partially abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001); *SA Luxury Expeditions, LLC v. Schleien*, No. 22-CV-3825 (VEC), 2023 WL 8072914, at *4 (S.D.N.Y. Nov. 21, 2023) (applying fifty percent reduction of "fees on fees").  As to costs, Magistrate Judge Stein appropriately reviewed the line-item accounting and determined that K2M's requested costs are reasonable and recommended awarding them in full.  *See* R&R 31–32.

The Court finds no error in Magistrate Judge Stein's consideration of K2M's fee request and the reductions recommended therein.  In addition, the Court has independently reviewed and calculated Magistrate Judge Stein's recommended reductions and finds them to be accurate.  Accordingly, the Court agrees with the Report and Recommendation's conclusion that K2M should be awarded $192,522.44 in attorneys' fees and $3,593.28 in costs.

**CONCLUSION**

Reviewing Magistrate Judge Stein's comprehensive and well-reasoned Report and Recommendation for clear error, the Court finds none. Accordingly, the Court ADOPTS the Report and Recommendation in its entirety. K2M's motion for default judgment against Schmidt is GRANTED as to K2M's breach of contract claim and DENIED as to K2M's unjust enrichment claim. The unjust enrichment claim is dismissed. K2M is awarded $1,260,000.00 in damages, pre- and post-judgment interest, $192,522.44 in attorneys' fees, and $3,593.28 in costs against Schmidt. A default judgment is issued herewith. The Clerk of the Court is respectfully requested to enter the default judgment against Schmidt and to terminate the motion pending at docket entry 56.

**SO ORDERED.**

Date: **March 21, 2024**                                              _____
           **New York, NY**                                                 **MARY KAY VYSKOCIL**
                                                                                       **United States District Judge**